**Juiter NAIBAHO, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–73615.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 18, 2008.

Kaaren L. Barr, Esq., Seattle, WA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, WWS–District Counsel, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Mark C. Walters, Esq., Margaret A. O'Donnell, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Juiter Naibaho, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order affirming without opinion an Immigration Judge's ("IJ") decision denying his application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Padash v. INS,* 358 F.3d 1161, 1165 (9th Cir.2004), and we deny the petition for review.

Even assuming Naibaho was credible, substantial evidence supports the IJ's conclusion that Naibaho failed to establish past persecution or a well-founded fear of persecution on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1486 (9th Cir.1997); *see also INS v. Elias–Zacarias,* 502 U.S. 478, 481–82, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). Naibaho provided insufficient evidence, direct or

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

circumstantial, that his attackers were or would be motivated to persecute him because of his actual or perceived status or belief. *See Sangha,* 103 F.3d at 1486–87.

Moreover, Naibaho did not establish that any group to which he belongs is subject to a "pattern or practice" of persecution. *See Lolong v. Gonzales,* 484 F.3d 1173, 1178–80 (9th Cir.2007) (en banc).

Because Naibaho did not establish eligibility for asylum, it follows that he did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Finally, substantial evidence also supports the IJ's denial of CAT relief because Naibaho did not establish that it is more likely than not that he will be tortured if returned to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.